Is it competent to prove the admissions of a party as to the contents of a writing, without notice to produce it, or accounting for not offering the writing itself?
According to the English cases, such evidence is competent, upon the ground that the admissions of a party against his own interest if primary and not secondary evidence. Slatterie v.Pooley, 6 M. and W., 663; Regina v. Welch, 2 Car.: 61 E., ch. 1, sec. 296. One of the points on the trial at nisi prius was the admissibility of declarations of the defendant as to his appointment, which was in writing. The case was reserved for the consideration of the fifteen judges; and when it was called (596) for argument, the prisoner's counsel abandoned the point as not debatable. "According to the case of New Hall v.Holt, 2 M. and W., 662, and Slatterie v. Pooley, ib., 653, I must concede that admissions made by a party as to the contents of a written document are evidence against him." See Best on the Principles of Evidence.
After much reflection, according to my judgment, the "reason of the thing" is against the admissibility of the evidence. I therefore concur in the opinion that the evidence was not admissible.
PER CURIAM. Judgment affirmed.
Cited: McCracken v. McCrary, 50 N.C. 400; Justice v. Luther, 94 N.C. 798;Gillis v. R. R., 108 N.C. 448; Avery v. Stewart, 134 N.C. 292.